UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>14.3 ACRES OF LAND, more or less, situated in San Diego County, State of California; TIMOTHY LICHTY and CHERYL LEE LICHTY, CO-TRUSTEES OF THE TIM AND SHERRY LICHTY FAMILY TRUST DATED OCTOBER 24, 1991; and OTHER INTERESTED PARTIES,<br><br>                Defendants. | Civil No.07cv886-W(NLS)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERTS' REPORTS AND EXCLUDE RELATED TESTIMONY**<br><br>[Doc. No. 29] |

      Before the Court in the above-captioned matter is a Motion to Strike Plaintiff's Experts' Reports filed by Defendants Timothy and Cheryl Lichty [Doc. No. 29]. Defendants request that the Court find good cause to impose evidentiary sanctions pursuant to Federal Rule of Civil Procedure 37(c) against Plaintiff United States of America for alleged violations of court-imposed deadlines and the Federal Rules of Civil Procedure governing the exchange of expert reports. Specifically, Defendants seek an order of the Court striking from the record certain reports submitted by two of Plaintiff's experts in this case, or in the alternative, excluding the reports from evidence. Plaintiff filed an opposition to the motion [Doc. No. 34], and Defendants filed a reply [Doc. No. 35]. On August 22, 2008, the Court held a hearing on the motion. Michael Quinton appeared on behalf of Defendants Timothy and Cheryl Lichty. Assistant United States Attorneys Thomas Stahl, Katherine Parker, and Christopher Latham

appeared on behalf of Plaintiff United States of America. After hearing oral arguments, the matter was submitted on the record. For the reasons stated below, the Court **DENIES** Defendants' motion.

## BACKGROUND

This action arises from the condemnation of 14.3 acres of land adjacent to the United States – Mexico border. On May 16, 2007, the United States government (Plaintiff in this case, hereafter "government"), acting under the authority of the Department of Homeland Security Act, 6 U.S.C. §§ 111, 202, 251, and 557, took possession of Defendants Timothy and Cheryl Lichty's property in south San Diego County. (*See Decl'n. of Taking*, Doc. No. 3, Schedules "A" and "C" attached.) The acquisition occurred due to the proximity of Defendants' land to the Mexican border and its categorization as land for public use in connection with the Multi-Tiered Fence Project in San Diego County, California, commonly referred to as the Border Fence project. (*Id*.) At the time of filing the Declaration of Taking, the government deposited into the Registry of this Court the amount of Three Hundred Fifty-eight Thousand Dollars ($358,000.00) as estimated just compensation for Defendants' condemned property. (*See Joint Motion for Disbursement of Funds*, Doc. No. 6.) Defendants do not challenge the statutory authority for the taking. The sole issue in this case is whether the previously disbursed funds constitute just compensation for the land.

The discovery period in this case began in September 2007 and closed on August 1, 2008. The parties focused their discovery efforts primarily on obtaining documentation and expert opinions regarding the fair market value of Defendants' land on the date of the taking. In November 2007, the Court issued a Scheduling Order setting discovery deadlines and other pretrial proceedings. (*See Court's November 7, 2007 Scheduling Order*, Doc. No. 14.) The instant motion concerns the deadlines set for the exchange of expert disclosures. Paragraph 3 of the Scheduling Order provides as follows:

> Defendants' expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before ***January 31, 2008***. Plaintiff's expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before ***April 30, 2008***. Any contradictory or rebuttal information shall be disclosed on or before ***May 30, 2008***.

(Emphasis in original). This paragraph also references the duty to supplement expert disclosures pursuant to Federal Rules of Civil Procedure 26(e) and 26(a)(3) prior to the December 1, 2008 deadline set for pretrial disclosures, and emphasizes that failure to comply with these deadlines may result in the

sanctions provided for by Rule 37, including the exclusion of evidence. (*Id.*)

Defendants assert that two of the government's experts submitted a total of three reports after the deadline for their disclosure, in violation of the Court's Scheduling Order and Rule 26(a)(2). These reports include:

- A report prepared by Ms. Nancy Lucast, the government's expert on the jurisdiction of the California Coastal Commission over Defendants' property, dated June 11, 2008, received by Defendants via U.S. mail on June 18, 2008, intended by Ms. Lucast to supplement and correct her April 28, 2008 expert report, presenting her final opinion on the issue of the California Coastal Commission's jurisdiction, if any, over Defendants' property.

- A report prepared by Mr. Norm Arndt, the government's expert civil engineer, dated June 16, 2008, received by Defendants June 20, 2008, intended by Mr. Arndt to supplement and correct his April 25, 2008 expert report, presenting a revised estimated cost of extending dry utilities to Defendants' property.

- A report prepared by Mr. Arndt, dated June 27, 2008, received by Defendants on the same date, intended by Mr. Arndt to supplement and augment his April 25, 2008 expert report, presenting additional statutory authority supporting the need for construction of a new access road on Defendants' property prior to development.[1]

(*See Defendants' Motion*, *Quinton Decl'n.*, Exs. "F," "M," and "N.")

Based on their alleged untimeliness, Defendants move the Court to strike these reports from the record of the case, or in the alternative, exclude the reports from evidence. (*See Defendants' Motion to Strike*, Doc. No. 29.) The government argues in opposition that the disputed reports were submitted in accordance with Rule 26(e) as part of the continuing duty of parties to supplement their previous expert disclosures with additions or changes prior to the deadline for filing pretrial disclosures, December 1, 2008. As such, the government argues that the reports are not untimely pursuant to the Court's Scheduling Order or the applicable Federal Rules. (*See Plaintiff's Opposition*, Doc. No. 34; *see also Court's Scheduling Order* ¶10.) Defendants dispute the government's representation that the reports qualify as "supplemental" reports and argue that the late submissions are new reports, containing previously undisclosed information, newly developed theories, and/or new bases for the experts'

---

[1] In their motion, Defendants also argue that the Declaration of Deputy Fire Marshall R.D. Medan explaining the Fire Department standards that would apply in the event that Defendants' property is developed for residential use, was submitted in an untimely manner by the government. (*See Defendants' Motion*, Ex. "K.") However, at the August 22, 2008 motion hearing, defense counsel represented to the Court that the timeliness/admissibility of the declaration was no longer at issue subsequent to Mr. Medan's deposition testimony asserting the opposite conclusion to that asserted in his Declaration. Accordingly, the Court considers this portion of the motion MOOT.

opinions. Defendants argue that the government deliberately chose to ignore the deadlines set by the Scheduling Order, inherently prejudicing Defendants' case and causing actual prejudice as well. (*See Defendants' Reply*, Doc. No. 35.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. Rule 26(a)(2) provides that a party must disclose to other parties "the identity of all expert witnesses who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Rule 26(a)(2)(B) further adds that:

> Unless as otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report prepared and signed by the witness. The report must contain a complete statement of all opinions to be expressed and the basis and reasons therefor . . .

With respect to the timing of expert disclosures, Rule 26(a)(2)(C) provides that: "A party must make these disclosures at the times and in the sequence that the court orders." Rule 26(e)(2) governs the supplementation of expert reports. It provides, in pertinent part:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

"Although Fed. R. Civ. P. 26(e) requires a party to 'supplement or correct' a disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report . . ." *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 635 (D. Haw. 2008) *citing Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003) (citation omitted).

Parties who run afoul of Rule 26 may face sanctions as specified in Federal Rule of Civil Procedure 37. Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The exclusion sanction is "self-executing" and "automatic." *Yeti by Molly Ltd. v. Deckers Outdoor*

*Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (referencing the Advisory Committee's Notes to Rule 37(c)(1) (1993 Amendments).)  The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)."  However, "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless."  *Id*.  In order to determine if the exclusion sanction is appropriate, the Court must consider the following factors: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions."  *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

### DISCUSSION

Defendants seek an order from the Court imposing evidentiary sanctions against the government for submitting reports prepared by experts Nancy Lucast and Norm Arndt subsequent to the April 30, 2008 deadline for Plaintiff's expert disclosures set by the Court's Scheduling Order.  (*Defendants' Motion*, 6 *et seq*; Ex. "A" ¶ 3.)  This discussion examines closely the substantive content of the disputed reports, the timing of their submission, and the relationship between Rule 26(a)(2)(C), requiring strict compliance with court-ordered deadlines, and Rule 26(e), which relaxes these deadlines to accommodate the duty of parties to supplement their previous expert disclosures.  Each report shall be addressed in turn below.

**A.   The Lucast Reports**

One of the factors addressed by experts in this case is the jurisdiction of the California Coastal Commission over Defendants' property and its effect on the land's fair market value.  The government retained Nancy Lucast as its expert on this subject.  (*Plaintiff's Opposition*, 2.)  Ms. Lucast submitted her expert report within the April 30, 2008 deadline for Plaintiff's experts' disclosures set by the Court's Scheduling Order.  In this report, dated April 28, 2008 and received by Defendants April 30, 2008 ("April 30, 2008 report" hereafter), Ms. Lucast opines that the property lies entirely within the retained coastal development permit jurisdiction of the California Coastal Commission.  (*Defendants' Motion, Quinton Declaration in Support ("Quinton Decl'n").*, Ex. B.")  She goes on to detail the effect of this jurisdiction on future development of Defendants' property, and reviews Coastal Act policies applicable

1  to the site. (*Id*. at 3-6.) She notes at the beginning of the report that her opinion is based on
2  representations made by the San Diego District Coastal Commission staff. Skeptical of the
3  Commission's assertion that it has original jurisdiction over the entire parcel of land, lowlands and
4  uplands alike, Ms. Lucast indicates in the report her intention to obtain a mapping opinion from the
5  Coastal Commission's mapping unit to confirm the nature and extent of its jurisdiction. (*Id*. at 2, fn.1.)
6       In a letter to Plaintiff's counsel dated May 6, 2008, defense counsel references Ms. Lucast's
7  request for a mapping opinion and requests a "final answer" on the jurisdiction issue. (*Quinton Decl'n.*,
8  Ex. "C.") In a follow-up letter to Plaintiff's counsel dated May 21, 2008, defense counsel refers to Ms.
9  Lucast's May 16, 2008 meeting with Coastal Commission representatives, and requests that she submit
10 her revised report in advance of the May 30, 2008 rebuttal disclosures deadline. (*Id*., Ex. "E.") Ms.
11 Lucast submitted her second report, dated June 11, 2008, received by Defendants via U.S. mail on June
12 18, 2008 ("June 18, 2008 report" hereafter), in which she revises her prior opinion based on the
13 corrected information regarding the Coastal Commission's jurisdiction over Defendants' property.
14 (*Defendants' Motion*, Ex. "F.")
15      Defendants now request that the Court find the June 18, 2008 report untimely pursuant to the
16 terms of the Court's Scheduling Order. Defendants also request that the Court find the April 30, 2008
17 report noncompliant with Rule 26(a)(2) because it does not state Ms. Lucast's complete opinion and the
18 reasons therefore, as required by Rule 26(a)(2)(B)(i). Finally, Defendants seek an order striking these
19 two reports from the record and barring Ms. Lucast from testifying in this case. (*Id*. at 6.)
20      The government asserts that Ms. Lucast's June 18, 2008 report was timely submitted as a
21 supplemental report, pursuant to both the Court's Scheduling Order and Federal Rule of Civil Procedure
22 26(e). The government argues that even if the report is not considered a supplemental report and
23 therefore found to be untimely, Defendants suffered no actual prejudice from the tardiness of Ms.
24 Lucast's submission. (*Plaintiff's Opposition*, 7.) The government points out that Ms. Lucast submitted
25 the June 18, 2008 report prior to her June 25, 2008 deposition, giving defense counsel ample time to
26 review and question her regarding its comments.
27      An excerpt from Ms. Lucast's deposition testimony follows:
28 / / /

[Defense Counsel]

Q: When you gave your report to Mr. Stahl [Plaintiff's counsel], were you satisfied that your report was an accurate statement of the status of the subject property with regard to the California Coastal Commission as of May 16, 2007?

[Ms. Lucast]

A: Are you talking about my April 28 letter?

Q: Yes.

A: I was satisfied it was accurate at the time.

Q: But in fact it was not?

A: In fact I learned later it was not. And I believe that I included a cautionary note in that letter of the 28th.

Q: And that's Exhibit 2 and you're talking [about] your footnote Exhibit 2, your report? Your footnote on page 2 that ends on page 3 where you note that the maps are famously, frequently wrong?

A: Right.

(*Defendants' Reply*, Ex. "C," pg.31, ll.21 - pg.32, ll.13.)

Based in part on the above exchange, Defendants seek an order barring Ms. Lucast's two reports and her testimony from evidence arguing she knew her April 30, 2008 report was incomplete and her June 18, 2008 report offered such a radically different opinion that it should be considered a new report. Thus, as a threshold matter, the Court must determine whether the April 30, 2008 report satisfies the requirements of Rule 26(a)(2)(B)(i). This classification in turn impacts whether the June 18, 2008 report should be considered a new report or a supplemental report.

Ms. Lucast's April 30, 2008 report is approximately ten pages in length, single-spaced, submitted in letter form. (*See Quinton Decl'n.*, Ex. "B.") The report begins with several paragraphs in which Ms. Lucast explains the purpose of the report, the assumptions underlying its preparation, and the considerations made prior to formulating her opinion. (*Id*. at 1-2.) After a brief explanation of the underlying facts, she reviews a number of Coastal Act policies applicable to the property and summarizes the key issues influencing future development of the property. (*Id*. at 4-6.) She concludes by discussing at length the impact of Coastal Commission jurisdiction over Defendants' parcel of land. (*Id*. at 6-10.)

The Court finds that the April 30, 2008 report constitutes a complete statement of Ms. Lucast's opinion regarding the jurisdiction of the Coastal Commission, based on the information available to her at the time and the representations of qualified Commission staff members.  She noted, presumably out of due diligence, that her opinion would have to be revised if the mapping opinion rendered a different jurisdictional conclusion.  Defendants would have the Court conclude that this cautionary note necessarily renders the April 30, 2008 report an incomplete statement.  However, the report offered a detailed review of the jurisdictional issue and a conclusive opinion based on the state of the information at the time.  Rule 26(a)(2)(B)(i) does not require a complete and *final* report - it only requires a complete statement of the opinion the witness will express, and the basis and reasons for that opinion.  Ms. Lucast's April 30, 2008 report satisfies Rule 26(a)(2)(B)(i).  As such, the April 30, 2008 report is a timely submitted, admissible expert report.

Pursuant to Rule 26(e), Ms. Lucast had an affirmative duty to supplement the April 30, 2008 report after obtaining additional, material information regarding the Coastal Commission's lack of original jurisdiction over Defendants' property.  She notes in her June 18, 2008 report that she based her opinion contained in the April 30, 2008 report on published maps of the area, cognizant of the fact that the Coastal Commission had not adopted the maps.  (*Quinton Decl'n.*, Ex "F.")  The results of the mapping performed by the Commission changed the prior information they had provided to Ms. Lucast; instead of having original jurisdiction over the entire parcel of land, the Commission only has appellate jurisdiction over development plans in the event they are approved by the City of San Diego and then appealed.  (*Id.*)  Ms. Lucast prepared a second report incorporating the changes.  Thus, the June 18, 2008 report qualifies as a supplemental report under Rule 26(e), submitted timely in light of the December 1, 2008 pretrial disclosures deadline pursuant to Rule 26(a)(2)(D).

Based on this determination, the Court need not further analyze the admissibility of Ms. Lucast's reports.  However, the Court notes that even if the June 18, 2008 report did not qualify as a supplemental report, and was deemed untimely, the report would not be stricken or excluded from evidence in this case.  The June 18, 2008 report does not constitute a "sandbagging" effort by the government as Defendants suggest.  (*Defendants' Motion*, 14.)  Although Defendants claim that the June 18, 2008 report's lateness precluded their ability to put forth rebuttal testimony regarding Ms. Lucast's

conclusions, in fact Defendants received Ms. Lucast's April 30, 2008 report one month prior to the May 30, 2008 deadline for disclosing rebuttal information. Ms. Lucast's April 30, 2008 report set forth an opinion much less favorable to Defendants' position than the revised opinion contained in her June 18, 2008 supplemental report. If Defendants truly thought a rebuttal was necessary with respect to the Coastal Commission jurisdiction issue, they had the full time afforded to them by the Scheduling Order in which to arrange for a rebuttal disclosure. In addition, the June 18, 2008 report was served on Defendants a week in advance of Ms. Lucast's deposition, giving defense counsel the opportunity to question her at length regarding the information contained in her supplemental report. (*See, e.g., Deposition Excerpt Cited Above*.)

Accordingly, Defendants' motion to strike Nancy Lucast's April 30, 2008 report, June 18, 2008 report, and testimony is **DENIED**.

### B. The Arndt Reports

Another factor addressed by experts in this case is the provision of an access road and certain services to Defendants' property, including whether or not improvements are required prior to future development, to what extent, and at what cost. The government retained Norm Arndt, a registered professional civil engineer, as its expert on this subject. (*Plaintiff's Opposition*, 3.) Mr. Arndt submitted his expert report within the April 30, 2008 deadline for Plaintiff's experts' disclosures set by the Court's Scheduling Order. In this report, dated April 25, 2008 and received by Defendants April 30, 2008 ("April 30, 2008 report" hereafter), Mr. Arndt provides a detailed estimate of construction costs associated with building an access road on the property. (*Defendants' Motion*, Ex. "I.") His estimate includes the cost of earthwork, such as clearing and grading the land, implementing erosion control measures, and building a retaining wall; the cost of constructing a paved driveway and the appropriate drainage system; the cost of adding water meters and the necessary connections to the property to ensure adequate fire protection; the cost of extending an underground dry utility line onto the property; as well as the cost of agency fees and professional oversight. (*Id*. at 4.) The complete construction estimate provided in the April 30, 2008 report suggested a range between approximately $4.5 and $5.1 million. (*Id*.) Defendants disclosed the rebuttal testimony of their expert Gary Palenske by the May 30, 2008 deadline supporting the position that in order to develop a single family home on the property, the

1  historical access would suffice and a newly constructed fire access road would not be required.
2  (*Defendants' Motion*, Ex. "J.")

3  Mr. Arndt submitted a second report dated June 20, 2008 ("June 20, 2008 report" hereafter), in
4  which he provides a revised estimated cost of extending dry utilities onto Defendants' property.
5  (*Defendants' Motion*, Ex. "M.")  In his April 30, 2008 report, Mr. Arndt estimated a cost ranging
6  between $219,075 and $285,750.  (*Quinton Decl'n.*, Ex. "I," 4.)  In his June 20, 2008 report, he advises
7  Plaintiff's counsel that in the interest of providing a more accurate cost estimate, he decided to consult
8  utilities specialists, who were able to obtain cost information from the utility companies likely to
9  provide services to the property.  Using a "unit price against length of extension formula," not available
10 to him when calculating his original estimate due to the formula's dependence on company-specific
11 pricing, the revised estimated cost range fell between $116,335 and $178,880 – substantially lower and
12 more favorable to Defendants than the estimate provided by Mr. Arndt in his April 30, 2008 report.
13 (*Quinton Decl'n.*, Ex. "M," 3.)

14 Mr. Arndt submitted a third report dated June 27, 2008 ("June 27, 2008 report" hereafter), in
15 which he addresses the question of whether full access to Defendants' property would still be necessary
16 if the City of San Diego's Fire Department determined that the site was not required to be serviceable
17 (required fire service access was an underlying presumption of his first estimate).  (*Defendants' Motion*,
18 Ex. "N.")  He opined that due to the flood levels of the Tijuana River, historic access to the property
19 could become impassable, and thus, as a safety and welfare precaution, a new access road has to be
20 constructed prior to development.  (*Id*. at 1-2.)

21 Defendants request that the Court find the June 20, 2008 report (revising the estimated cost of
22 extending dry utilities to the property) to be a new report, untimely pursuant to the terms of the Court's
23 Scheduling Order, and therefore inadmissible.  (*Id*. at 16.)  In support of this characterization,
24 Defendants refer to Mr. Arndt's deposition, during which he testified that he did not have time to
25 include the information provided by the utility specialists in his April 30, 2008 report because of the
26 deadline the government gave him for its submission.  Specifically, Mr. Arndt testified:

27     [Defense counsel]
28     Q:    Is there any reason why as of April 25, 2008 you could not have given

|   |   |   |
|---|---|---|
| 1 |   | those cost figures in your April 25 report? |
| 2 | [Mr. Arndt] |   |
| 3 | A: | I simply could not get them [the utility specialists] contracted and signed up to do the study in time for the report.  So I don't know [who ]was pushing the buttons whether it came from your side or the Department of Justice side, but there-I entered into draft contract with them, and it came down that I had to have a report done by a certain date.  There simply wasn't time to go through the gymnastics of getting the attorneys happy with the agreement. |
| 7 | Q: | Well, did you understand that the April 30, 2008 date was a court-imposed deadline? |
| 8 | A: | No. |

(*Quinton Decl'n.* ¶ 32.)  Defendants also point out that Mr. Arndt did not label the report a "supplemental report," further supporting their argument that the June 20, 2008 report is a new report. The government argues that the June 20, 2008 report is not a new report, and qualifies as a timely supplemental report because it provides a corrected estimation regarding dry utility costs involved in developing the land, a subject included in his total estimated construction costs contained in his April 30, 2008 report. (*Plaintiff's Opposition*, 11.)

Defendants also seek a finding that the June 27, 2008 report constitutes a new report, in spite of being labeled by Mr. Arndt as Supplemental Report #1. (*Quinton Decl'n.*, Ex. "N.") Defendants assert that if this report is found to admissible, they will have to engage in costly discovery and retain additional experts to rebut the position. (*Defendants' Motion*, 12, 17.)  Defendants claim the June 27, 2008 report contains new information not included in the April 30, 2008 report and constitutes classic sandbagging because of its submission to Defendants at the last minute prior to Mr. Arndt's deposition. (*Id*. at 16-17.)  The government argues that the June 27, 2008 report also qualifies as a supplemental report because it provides additional information on the subject of an emergency service access road, the main topic addressed in the April 30, 2008 report. (*Plaintiff's Motion*, 10-12.)  With respect to the sandbagging accusation, the government denies that it engaged in any such strategy, and argues that the reports themselves belie Defendants' assertion.  The government points out that the disputed reports do not contain new theories or new opinions on new topics.  Rather, they argue that the reports resulted from Mr. Arndt's duty to provide updated information and report its effect on their prior submissions.

Defendants reply that the late submission of the reports is "inherently prejudicial," and therefore not harmless. (*Defendants' Reply*, 7.)

The Court finds that the June 20, 2008 report and the June 27, 2008 report both qualify as supplemental reports, submitted timely in light of the December 1, 2008 pretrial disclosures deadline pursuant to Rule 26(a)(2)(D) and Rule 26(e). As noted above, Rule 26(e)(2) describes the duty of parties to supplement their expert disclosures. It provides, in pertinent part, that the "duty to supplement extends both to information included in the report and to information given during the expert's deposition. **Any additions or changes** to this information must be disclosed . . ." (Emphasis added.) The June 20, 2008 report presented additional information, gathered from specialists, on the specific issue of extending dry utilities to the property. This information directly supplements Mr. Arndt's April 30, 2008 report, which contains an opinion regarding the cost of extending dry utilities. The June 27, 2008 report provides additional information to bolster Mr. Arndt's April 30, 2008 report with respect to the overarching issue of whether access to Defendants' property requires improvement prior to development. Because this report was framed in a different context, and explores a scenario in direct contrast to the one considered in the April 30, 2008 report, its characterization as a supplemental report is not quite as obvious. However, the report contains additional information with respect to the flood potential of the property and its impact on egress and ingress, and consequently, the need to construct an access road.

The Court notes that even if the two reports were considered untimely, under Rule 37(c)(1) the error was harmless. Defendants had the opportunity to depose Mr. Arndt regarding the content of all three of his submitted reports, and have retained expert witnesses capable of rebutting Mr. Arndt's testimony on the topic of an access road at trial. Defendants' experts both had a period of weeks to review the supplemental reports and answer questions about them at their depositions. Defendants' argument that the late submission of the reports is "inherently prejudicial" to their case has no support in the actual text of the Federal Rules or in the case law interpreting them. Accordingly, Defendants' motion to strike Norm Arndt's June 20, 2008 and June 27, 2008 reports is **DENIED**.

/ / /

/ / /

In conclusion, the Court is mindful of the "gaping loophole" which can result when parties abuse the liberal policy of Rule 26(e) with respect to the timing of supplemental reports in order to avoid the stricter policy of Rule 26(a)(2)(C). However, the Federal Rules have not been abused in this case. Accordingly, Defendants' request for evidentiary sanctions is **DENIED**.

### CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Defendants' Motion to Strike Plaintiff's Expert Reports and Exclude Related Testimony [Doc. No. 29].

**IT IS SO ORDERED**.

DATED:  August 29, 2008

*Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge