UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No.07cv886-W(NLS) |
| | ) | |
| Plaintiff, | ) | **ORDER RE: DEFENDANTS' MOTION** |
| v. | ) | **TO EXCLUDE SUPPLEMENTAL** |
| | ) | **RESPONSE TO CONTENTION** |
| 14.3 ACRES OF LAND, more or less, | ) | **INTERROGATORY AND EXCLUDE** |
| situated in San Diego County, State of | ) | **RELATED TESTIMONY** |
| California; TIMOTHY LICHTY and | ) | |
| CHERYL LEE LICHTY, CO-TRUSTEES | ) | [Doc. No. 58] |
| OF THE TIM AND SHERRY LICHTY | ) | |
| FAMILY TRUST DATED OCTOBER 24, | ) | |
| 1991; and OTHER INTERESTED PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Before the Court is Defendants' Motion to Exclude Supplemental Response to Contention Interrogatory and Exclude Related Testimony [Doc. No. 58].  Plaintiff filed an opposition [Doc. No. 63]. For the following reasons, The Court **DENIES** Defendants' motion.

## BACKGROUND

This action arises from the condemnation of 14.3 acres of land adjacent to the United States – Mexico border.  The relevant factual background is detailed in this Court's previous order regarding expert testimony in this case, and will not be repeated here.  (*See* August 29, 2008 Order of the Court, Doc. No. 39.)   The discovery period in this case began in September 2007 and closed on August 1, 2008.  (*Id*. ¶ 6.)  The parties focused their discovery efforts primarily on obtaining documentation and expert opinions regarding the fair market value of Defendants' property on the date of the taking.

On April 3, 2008, Defendants propounded a First Set of Interrogatories on Plaintiff, to which Plaintiff provided responses on May 5, 2008. (*See Defendants' Motion*, Ex. "B.") At Defendants' request, Plaintiff supplemented its response to one of the contention interrogatories on November 5, 2008. Specifically, Defendants sought a further response to Interrogatory 3, which states: "State the facts on which you base your contention that there is no right of access to the subject property." (*Id.*) Plaintiff's May 5, 2008 response states:

> "Plaintiff has not contended in any pleading or evidence that "there is no right of access" to the subject property. Review of the public records relating to the subject property shows no currently existing, recorded right of access in the form of an easement or otherwise. The Lichtys' 1992 Notice of Intent to Preserve Easement is a mere claim and does not confer a property interest."

(*Id.* at 3.) Plaintiff's November 5, 2008 supplemental response states:

> "Plaintiff contends that legal access to the subject property does not exist. The access road to the subject property is not a public thoroughfare. A locked metal gate blocks and prevents through traffic on the access road. Beyond that gate, the access road passes through land that is owned by the State of California but which is not part of a state park. The land that now comprises Border Field State Park was given by the United States to the State of California solely for public park and recreation services."

(*Defendants' Motion*, Ex. "C.") Upon receipt of Plaintiff's supplemental response, Defendants objected, claiming the response "fundamentally changes" Plaintiff's position on the point of legal access to the subject property. Defendants now assert that the response should be barred, along with all evidence and related testimony which may be offered at trial to contest Defendants' right of access to the subject property. (*Defendants' Memorandum*, 5.)

## DISCUSSION

Defendants move for exclusionary sanctions pursuant to Rule 37(c)(1), which provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." Defendants argue that Plaintiff's original interrogatory response "misled" Defendants into thinking that Plaintiff had conceded that Defendants have a right of access to the subject property. (*Defendants' Memorandum*, 6.) Because Defendants interpret Plaintiff's original response in this manner, they further contend that Plaintiff's supplemental response constitutes an "eleventh hour change

1   of the Government's contentions" that is "extremely prejudicial and should not be tolerated." (*Id*. at 7.)

2         Plaintiff opposes Defendants' motion, and asserts three reasons to support denial of the motion

3   in its entirety. First, Plaintiff argues that Defendants completely misinterpret the May 5, 2008

4   interrogatory response, and when the response is read as a whole it clearly conveys Plaintiff's intent to

5   dispute legal access to the subject property. (*Plaintiff's Opposition*, 4.) Second, Plaintiff lists a variety

6   of additional discovery that was taken during the discovery period in this case, all of which provide

7   examples of Plaintiff placing the legal access issue directly in contention and in fact, highlighting it as a

8   key issue in the case due to its impact on the property's value. (*Id*. at 5.) As such, Plaintiff asserts that

9   the discovery taken in the case by both parties renders Defendants' position with respect to the

10  supplemental interrogatory response untenable. (*Id*. at 8.) Finally, Plaintiff points to the most recent

11  discovery dispute between the parties involving the August 22, 2008 declaration of Clay Phillips, which

12  offered a lay opinion by a state park employee regarding whether access to the property is available.

13  (*Id*.) Plaintiff argues that Defendants' solicitation of Phillips' declaration after the August 1, 2008

14  discovery deadline demonstrates that Defendants knew quite well the importance of the issue of access

15  to the property and kept pursuing evidence in their favor on the issue. Plaintiff concludes by asserting

16  that Defendants' current claim that Plaintiff abandoned the legal access issue in May is disingenuous

17  and their motion should be denied. (*Id*. at 9.) The Court agrees.

18        Defendants' motion very nearly crosses the threshold of zealous advocacy into the realm of

19  mendacious and frivolous. To suggest that Plaintiff's May 5, 2008 interrogatory response "conceded"

20  the issue of legal right of access to the Lichtys' property, thereby making it a "nonissue," is senseless in

21  light of the months of discovery in this case during which expert reports, depositions, requests for

22  admission, and discovery motions all in one way or another involved directly or tangentially, the right of

23  access issue. Even taken outside of the context of the whole of discovery in this case, a plain reading of

24  Plaintiff's May 5, 2008 interrogatory response reveals that as of the date of the response, Plaintiff had

25  reviewed the public records, found no recorded easement or other recorded right of access, and based on

26  the absence of a recorded property interest, concluded there exists no legal right of access to the

27  property. Plaintiff placed Defendants on notice May 5, 2008 that legal right of access to the subject

28  property would be a contested issue. Months of discovery and several attempts to resolve the case short

of trial confirmed that to be the case.

**CONCLUSION**

Based on the foregoing, Defendants' motion is **DENIED**.

**IT IS SO ORDERED**.

DATED:  November 17, 2008

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge

4

07cv886