UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | Case No.: 07CV886 AJB (NLS) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER GRANTING |
| | ) | RECONSIDERATION AND |
| 14.30 ACRES OF LAND, more or less, | ) | STRIKING LATE DESIGNATION, |
| situated in Sand Diego County, State of | ) | OPINION AND TESTIMONY |
| California; TIMOTHY LICHTY and | ) | OF EXPERT WITNESS |
| SHERYL LEE LICHTY, CO-TRUSTEES OF | ) | |
| THE TIM AND SHERRY LICHTY | ) | [Doc. No. 153] |
| FAMILY TRUST DATED OCTOBER 24, | ) | |
| 1991; and OTHER INTERESTED PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed an emergency motion for reconsideration on February 4, 2011 of Judge Houston's decision on February 3, 2011, [Doc. No. 152], to allow Defendants to designate a California Costal Commission (CCC) expert within 30 days. Judge Houston's ruling reversed to prior rulings in this case by Judge Stormes and Judge Whelan which denied the late designation as unjustified and prejudicial. The Defendants filed an opposition on February 15, 2011, [Doc. No. 157]. This case was then transferred by Judge Houston to Judge Battaglia on March 25, 2011. *See* Transfer Order, Doc. No. 159. Based upon the record and the parties moving papers, the Plaintiff's motion for reconsideration is hereby GRANTED and Defendants' designation of Rosenthal is stricken and the report and any related expert testimony is excluded from trial.

07cv886

***Relevant Procedural Background***

The discovery period in this case began in September 2007 and closed on August 1, 2008. In November 2007, the Court issued a Scheduling Order setting discovery deadlines and other pretrial proceedings.[1] Specifically, Defendants' expert disclosures required by Fed. R. Civ. P. 26(a)(2) were due on or before January 31, 2008. Plaintiff's expert disclosures required by Fed. R. Civ. P. 26(a)(2) were due on or before April 30, 2008. The deadline for disclosure of any contradictory or rebuttal information was due on or before May 30, 2008.

A supplemental report ("Lucast II") was issued by Plaintiff's expert Nancy Lucast on June 11, 2008 and was received by Defendants via U.S. mail on June 18, 2008.  On July 14, 2008 the Defendants moved to strike the Lucast Supplemental Expert Report,[2] [Doc. No. 29], however, that motion was denied on August 29, 2008, in an order by Judge Stormes, [Doc. No. 39], who found that the June 18, 2008 report was a timely submitted supplemental report.[3]  On November 15, 2008, Lucast issued a second supplemental report ("Lucast III"), taking into account the October 7, 2008 official determination of the CCC.[4]  Defendants designated Coastal Commission Expert Deborah Rosenthal ("Rosenthal") on November 28, 2008.  Defendants claim that their designation of Rosenthal was necessitated by the

---

[1] *See* Court's November 7, 2007 Scheduling Order, Doc. No. 14.

[2] Defendants also requested that the Court: 1) find the April 30, 2008 report noncompliant with Rule 26(a)(2) because it does not state Ms. Lucast's complete opinion and the reasons therefore, as required by Rule 26(a)(2)(B)(I); and 2) issue an order striking the two Lucast reports from the record and barring Ms. Lucast from testifying in this case. (*Id*. at 6.)

[3] The Court specifically found that the supplemental reports were submitted prior to depositions of the experts, there was no evidence that the Government was "sandbagging," and that the reports were submitted well in advance of the December 1, 2009 pretrial disclosures deadline. *See* Judge Stormes Order on August 29, 2008, Doc. No. 39, at 8-9.

[4] On September 26, 2008, the CCC issued a memorandum finding that the subject property was entirely within its original jurisdiction. (Latham Reply Decl., Ex. 3.) On October 7, 2008, the CCC produced a revised memorandum finding that the subject property was partially within its permit jurisdiction and partially within the permit jurisdiction of the City of San Diego. (Latham Decl. Ex. 7.) The parties dispute who requested this boundary determination. The Government asserts that Defendants, by procuring the boundary determination, improperly engaged in discovery after the discovery deadline had passed. This allegation is contradicted by Lucast, the Government's own witness. Apparently, Lucast made a request for a boundary determination as did Defendants' expert, Mr. Stedt. After receiving Lucast II, Stedt contacted the CCC and stated that the boundary determination was no longer necessary. When Lucast discovered that the CCC had abandoned the project she renewed her request for a boundary determination. (Quinton Decl. Ex. J, Lucast Depo. Tr. at 100-101.)

supplemental reports issued by Government expert Nancy Lucast.  Plaintiff moved on December 30, 2008, Doc. No. 75], to exclude Rosenthal's testimony and expert report and the Court granted the motion finding the Defendants' failure to timely designate Rosenthal as an expert witness was neither justified nor harmless.[5]

The Defendants' filed objections to Judge Stormes January 30, 2009 Order on February 13, 2009, Doc. No. 80.  Judge Whelan overruled Defendants objections in an Order dated March 10, 2009, Doc. No. 83, because he found Judge Stormes' ruling was neither clearly erroneous nor contrary to law.[6]

### *Legal Standard*

Motions for reconsideration are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir.1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir.1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal.1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir.1987). When filing a motion for reconsideration, Civil Local Rule 7.1.i requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

### *Discussion*

The Plaintiff seeks reconsideration of Judge Houston's decision allowing Defendants to designate a California Costal Commission rebuttal expert, which reversed two prior rulings in this case by Judge Stormes and Judge Whelan denying the late designation as unjustified and prejudicial.  The transcript of the February 3, 2011 proceeding before Judge Houston indicates that after the Court denied Defendants' motion in limine to exclude the opinions and testimony of Plaintiff's CCC expert Ms. Lucast, Defendants' counsel orally requested leave to file a rebuttal expert report. Ms. Rosenthal's name was not mentioned. The Court granted the Defendants' request because the trial date had been vacated.

---

[5] Specifically, the Court found the late designation of Rosenthal was neither justified or harmless.  The Court found it was not justified because Defendants had ample time and knowledge and simply failed to make any timely designation. The Court found it was not harmless because the Plaintiff will be prejudiced by: 1) having to prepare for and take Rosenthal's deposition; 2) suffer significant increased costs in completing trial preparation because the pretrial conference had already taken place.

[6]

07cv886

It is unclear from the record why Judge Houston believed the Defendants' previous requests for late designation were denied simply because a trial date was set in this case or even if it was Ms. Rosenthal, who was not a properly designated expert, which was the subject of the defense request.  The record clearly indicates the Defendants' two prior requests were given full and fair consideration by Magistrate Judge Stormes and District Judge Whelan and denied because the late designation was found by both judges to be unjustified and prejudicial. The Court finds nothing in the record to indicate that the absence of a trial date somehow mitigated the unjustified and prejudicial impact of Defendants' late designation, or served as a proper basis to reverse those prior rulings. Judge Houston did not have the full record before him for this ad hoc oral motion to submit a  rebuttal expert report, and was in error to the extent the lack of relevant details led to allowing the reintroduction of a previously stricken expert under the stated circumstances.  The Court takes this opportunity to warn defense counsel that any further attempts to resurrect issues already argued by counsel and decided by this Court will result in the imposition of sanctions.

### *Conclusion*

Based upon the foregoing, the Plaintiff's motion for reconsideration is hereby GRANTED and Defendants' designation of Rosenthal is stricken and the report and any related expert testimony is excluded from trial.  All pending motions have now been ruled on by the Court and this case is ready to proceed to trial. The Pre-Trial Order dated December 22, 2008, [Doc. No. 74], has already been signed and entered in this case.  As such, the Court hereby schedules a status conference for May 26, 2011 at 10 a.m. in Courtroom 12 before Judge Battaglia to set a trial date for this case.

IT IS SO ORDERED.

DATED:  May 10, 2011

Hon. Anthony J. Battaglia
U.S. District Judge