UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,       )<br>                                                            )<br>                    Plaintiff,              )<br>v.                                                       )<br>                                                            )<br>14.30 ACRES OF LAND, more or less, )<br>situated in Sand Diego County, State of  )<br>California; TIMOTHY LICHTY and       )<br>SHERYL LEE LICHTY, CO-TRUSTEES OF )<br>THE TIM AND SHERRY LICHTY        )<br>FAMILY TRUST DATED OCTOBER 24,  )<br>1991; and OTHER INTERESTED PARTIES, )<br>                                                            )<br>                    Defendants.          )<br>                                                            ) | Case No.: 07CV886 AJB (NLS)<br><br>ORDER DENYING MOTION<br>IN LIMINE NO. 1 TO EXCLUDE<br>GOVERNMENT OWNERSHIP<br>OF 60 FOOT STRIP OF LAND<br>[Doc. No. 153] |

     Defendants have filed a motion pursuant to Rules 26(e) and 37(c) of the Federal Rules of Civil Procedure seeking to exclude any evidence that the Government has a fee ownership interest in the 60 foot strip of land immediately to the west of the subject property and north of the Mexican border. The Defendants contend that the requested exclusion is warranted because the Government's withholding and late disclosure of this information was neither substantially justified nor harmless. The Plaintiff filed an opposition. Based upon the parties moving papers and for the reasons set forth herein, the Defendants' motion is hereby DENIED.

///

///

1

### *Background*

This is a land condemnation matter brought by the United States as a part of the border fence construction project. The Government acquired the property which is the subject of this action ("the subject property,"" property," or "Lichty Mesa") on May 16, 2007 (the "date of taking" or the "date of value"). The only issue before the Court is that of just compensation for the taking of the Defendants' property, measured by the market value (or "fair market value") of the property on the date of value, May 16, 2007. The property owners are entitled to have the market value determined according to the highest and best use of the property, not necessarily the use to which the property was being put on the date of the taking.

The property which is the subject of this action is a 14.30 acre parcel of land located in the extreme southwesterly part of the City of San Diego. The zoning of the property is AR-1-1, which allows the development of a single family residence on the site and allows horses to be kept on the site. Before the subject property was taken by the Government in this action, it was the last privately-owned parcel of land in the most southwesterly corner of the United States. The subject property lies immediately north of the U.S.-Mexico border and the city of Tijuana. Its northern and eastern edges, as well as a portion of its western edge, are surrounded by what is now public parkland. Plaintiff once owned this surrounding land but transferred all of it, except the 60 foot strip,[1] to the State of California in the early 1970s. The 60 foot strip is identified by assessor parcel number 662-030-03.

Defendants argue the property has significant value ($6.2 million), claiming it is suitable for development of a custom residential estate. Plaintiff asserts the land's value is limited ($1.14 million), in part because it lacks the legal access necessary to support residential use. There are three potential access routes to the property that have been identified by the Defendants. [Doc. No. 43.] The first, and most direct route, enters the property at the northeast corner. *See* Norris Dec., Ex. 4. The second route crosses the property's western line, but makes a sharp hairpin turn and a steep ascent before entering property. *Id.* The third, and by far the longest route, also enters at the property's western edge, but only

---

[1] The 60 foot strip at issue in this case is 60 feet wide (north to south) and approximately 1,800 feet long (east to west). Its eastern boundary abuts the subject property's western boundary, and it stretches westward along the international border to the Pacific Ocean.

after it traverses the 60 foot strip. *Id.* After analyzing each route in their September 16, 2008 motion in limine, Defendants disclosed that the third route is their "preferred access route." [Doc. No. 43.]

### *Discussion*

Defendants' motion in limine, [Doc. No. 111], seeks to exclude any evidence that the Government has a fee ownership interest in the 60 foot strip of land arguing that pursuant to Rules 26(e) and 37(c) of the Federal Rules of Civil Procedure the failure to disclose this information was neither substantially justified nor harmless. The Defendants' argue that the Plaintiff did not disclose its ownership of the 60 foot strip before the discovery cutoff. The Court, however, is not moved by the Defendants' arguments, as this information has always been publically available and was disclosed several times prior to the discovery cut-off. The Plaintiff provided Defendant with two maps, one on June 25, 2008 and the other on July 1, 2008, both of which identify the strip with the words "U.S. Dept. Of Justice" and "U.S.A." at the ends of arrows pointing to the strip indicating Plaintiff's ownership. In addition, on July 1, 2008, Plaintiff provided Defendants with the quitclaim deed that transferred ownership of lands surrounding the subject property from Plaintiff to the State of California. The deed clearly reserves ownership of the strip by Plaintiff.[2]

The Defendants' also contend that the language in the quitclaim deed from the United States to the State of California conveying approximately the western half of Border Field State Park but reserving a 60 foot strip "for the use of the Department of Justice" was a reservation of a nonexclusive easement and did not inform the Defendants that the Government would claim to own a fee interest. The Defendants' imaginative interpretation of the relevant language from the quitclaim deed is another example of the overzealous advocacy of defense counsel which crosses "into the realm of mendacious and frivolous argument" as previously identified by Judge Stormes [Doc. No. 76, p. 3:18-23], because the term easement simply is not present.[3] The Court finds the language of the quitclaim deed to be clear and unequivocal.

---

[2] The quitclaim deed states: "AND FURTHER EXCEPTING therefrom a strip of land 60 feet in width running parallel to and contiguous with the International Boundary from the southeastern corner of the property to the ocean, containing approximately 1.86 acres, for use by the Department of Justice.

[3] This is not the first time the veracity of Defendants' counsel's arguments has been questioned by this Court. *See* Judge Stormes Order dated November 17, 2008, Doc. No. 67 at p. 3:18-23.

1    Finally, on December 3, 2008, after the close of discovery, the Defendants' themselves produced
2 two previously undisclosed maps of the 60 foot strip.  The first map identified the strip and its assessor
3 parcel number[4] and the second map indicates the Plaintiff's ownership with an arrow pointing to the
4 strip with the letters "U.S.A."[5]  Based upon the foregoing, the Court finds there was no failure to disclose
5 by the Plaintiff.  The Defendants' motion in limine is hereby DENIED.
6    IT IS SO ORDERED.

8 DATED: May 10, 2011

                                                            _____
                                                            Hon. Anthony J. Battaglia
                                                            U.S. District Judge

---

[4] *See* Noris Dec., Ex. 5.

[5] *See* Noris Dec., Ex. 6.